[Crim. No. 12244.   Second Dist., Div. One.   Aug. 3, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. CLARENCE BATISTE, Defendant and Appellant.

Armand Arabian, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and George J. Roth, Deputy Attorney General, for Plaintiff and Respondent.

FOURT, J.—This is an appeal from a judgment of conviction of selling heroin.

In an indictment filed in Los Angeles County on May 28, 1964, defendant in count I was charged with selling heroin on February 12, 1964, in violation of section 11501, Health and Safety Code; in count II with selling heroin on February 24, 1964, and in count III with the same offense on February 25, 1964. Defendant pleaded not guilty. In a nonjury trial defendant was found guilty as charged and sentenced to the state prison, the terms to run concurrently. A timely notice of appeal was filed.

A résumé of some of the facts is as follows: Officer Williams, of the Los Angeles Police Department, an expert in the customs, use and sale of narcotics in Los Angeles County, was parked in a parking lot on February 12, 1964, at about noontime. Williams was with Samuel Kinsey. Kinsey left Williams' car and returned in about five minutes with defendant. Kinsey, in Williams' presence, asked defendant, in effect, if he had any heroin to sell and defendant replied in the affirmative. Kinsey stated, in effect, that he wanted to purchase one container of heroin. At that time Williams handed to Kinsey a $10 bill. Kinsey handed the bill to defendant, and defendant handed a balloon, which he took from his pants pocket, to Kinsey and Kinsey handed the balloon to Williams. The balloon contained heroin. Similar transactions were had on February 24, 1964, and on February 25, 1964.

At the trial defendant was represented by an attorney of the public defender's staff. It was stipulated "that it is deemed that W. Keene be deemed called, sworn and would testify that as a forensic chemist for the Los Angeles Police Department on the 13th day of February 1964, he received People's 1 in a sealed condition, that he broke the seals, opened

the package and found a smaller manila envelope marked W. K.; that inside this envelope was a balloon; that inside the balloon was one gram of powder; that he ran a chemical analysis on this powder and found it to be heroin.

"He would testify further that he received People's 2 in a sealed condition on the 26th of February 1964; and as a forensic chemist for the Los Angeles Police Department, he broke the seals, opened the package and found a smaller manila envelope marked W. K., in which there was a balloon; and in this balloon there was about one gram of powder; that he ran a chemical analysis on this powder, and it turned out to be heroin.

"He would testify further that as a forensic chemist for the Los Angeles Police Department, he receeived People's 3 on the 27th day of February 1964 in a sealed condition; that he broke the seals, removed from People's 3 a smaller packet marked W. K.; that inside this packet was a balloon, and that inside the balloon was contained about one gram of powder; that he ran an analysis on this powder and found it to be heroin.

"It is further stipulated that Mr. Keene is an expert in the field of forensic chemistry."

Exhibit 1 contained the substance purchased from defendant on February 12, 1964, Exhibit 2 contained the substance purchased from defendant on February 24, 1964, and Exhibit 3 contained the substance purchased from defendant on February 25, 1964.

Kinsey testified that he worked with Officer Williams during the times herein involved, that he was paid for each sale which he made under the circumstances, that he did not remember what had occurred in the specific dates in question, but that he had transactions with defendant involving the furnishing of heroin.

Appellant now asserts that the stipulation was improper and, in effect, that the evidence is insufficient to support the judgment.

There is clearly no merit to appellant's assertions. He was represented by able counsel. who did all he could for appellant under the circumstances. The evidence of guilt is overwhelming. The stipulation, although perhaps not a model, was proper and justified under the circumstances.

The judgment is affirmed.

Wood, P. J., and Lillie, J., concurred.